## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21 B 7478 |
| | ) | |
| 1600 HICKS ROAD LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

### ORDER GRANTING DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND FOR SHORTENED NOTICE

This matter comes before the court on the motion of Debtor 1600 Hicks Road LLC ("Debtor") to dismiss this chapter 11 case ("Motion to Dismiss"). The U.S. Trustee filed a notice of objection, and the court entered a scheduling order. The U.S. Trustee and EH National Bank (the "Bank") filed responses. Debtor did not file a reply, and no party requested an evidentiary hearing. Having reviewed the papers and heard the arguments of the parties, the court will grant the Motion to Dismiss, and will also impose a 180-day bar to refiling.

Debtor filed for relief under chapter 11 of the Bankruptcy Code on June 15, 2021. About five weeks after the petition date, Debtor filed an application to retain counsel. This application became the focus of the case for more than six months, eventually resulting in denial of the original application and approval of a different attorney as the Debtor's counsel.

Meanwhile, during the nine months this case has been pending, Debtor filed only three monthly operating reports. It filed a proposed plan of reorganization, but no accompanying disclosure statement. The largest of its two creditors, the Bank, obtained relief from the stay to pursue state court remedies against Debtor's single asset real estate (the "Property").

11 U.S.C. § 1112(b) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]" All parties in interest agree that "cause" exists such that the

court should take action under § 1112. They disagree, however, as to whether the appropriate action is dismissal or conversion of this case. The Debtor seeks dismissal and the U.S. Trustee requests conversion.

The Bank supports the Debtor's request for dismissal, but only if the court imposes a temporary bar to filing again for protection under the Bankruptcy Code. Although the U.S. Trustee believes conversion is the more appropriate remedy, he supports dismissal with a bar. Debtor opposes imposition of a bar, arguing that it should be given the opportunity to reorganize its business. Debtor proposes instead that the court dismiss the case with certain restrictions placed on any new bankruptcy filing.

There are only two creditors in this case – the Bank, and a taxing authority that has never appeared at a court hearing. The Bank supports dismissal, and the U.S. Trustee does not strongly disagree. The court finds that dismissal is the more appropriate remedy. It is in the Bank's best interest for the case to be dismissed so that it may conclude its foreclosure sale on the Property.

The parties agree that cause exists to convert or dismiss this case, and the court finds that dismissal is appropriate. The question, therefore, is whether cause exists for the court to order that dismissal be entered with a bar to refiling for a certain period of time, as the Bank requests. Under 11 U.S.C. § 349(a), the court may dismiss a case with prejudice and impose a bar to refiling:

> *Unless the court, for cause, orders otherwise*, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; *nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title*, except as provided in section 109(g) of this title.

(Emphasis added.)

"Dismissals with prejudice are … generally reserved for extreme situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith."  *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002).

In this case, the extreme situation is Debtor's failure to make more than minimal progress toward reorganization without any showing why a second case would be different.  As a supplement to its response to the U.S. Trustee's motion to convert, the Debtor filed financial documentation that purported to establish that sufficient income exists to support a plan in a new chapter 11.

The financial information concerns its tenant, Exotic Motors, Inc.  The Debtor and Exotic Motors have common ownership, yet the Debtor initially concealed from the court and its creditors the money Exotic Motors owed it for unpaid rent.  Debtor now asserts that rent from Exotic will support a plan in a future case.  But according to the financial information submitted with the supplement, Exotic has had the ability to pay sufficient rent to fund a plan since before Debtor filed for relief under chapter 11.  In the meantime, Debtor spent nine months in this bankruptcy case, accomplishing little except delay.  From the limited information available in the three monthly operating reports, it appears that Debtor may have made one payment to the Bank during this case.  There is no evidence to support a finding that a second case would yield different results.

The Debtor could have used the time since approval of its professional's retention to amend its proposed plan, or draft a disclosure statement, or take any of the steps that it now proposes to take in a second case.  It did none of these.  There is no basis for providing Debtor with another opportunity to delay relief to its creditors.

After obtaining relief from the automatic stay in this case, the Bank scheduled a foreclosure sale for March 29, 2022. If the court granted the Debtor's motion to dismiss without a bar to refiling, Debtor could file a new petition and obtain the immediate benefit of a new automatic stay. In an individual case, this would not be an issue because 11 U.S.C. § 109(g) imposes an automatic 180-day bar to refiling when a debtor seeks dismissal after a creditor files a motion for relief from the stay. Although a statutory bar does not apply here, it is appropriate to impose a court-ordered bar to avoid further delay of the Bank's remedies.

"Chapter 11 is normally used to restructure or achieve a financial settlement with creditors and potential creditors." *Hall*, 304 F.3d at 747. Debtor used this chapter 11 case for nothing except delay. The evidence that would support a finding that reorganization could be feasible in a second case also leads to the conclusion that reorganization was always feasible in this case, but the Debtor chose not to pursue it. Its failure to do so must preclude it from a second bite at the apple.

For all of these reasons, **IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED** with the additional condition that a 180-day bar to refiling is imposed.

ENTERED:

Date:  March 24, 2022

_____
DAVID D. CLEARY
United States Bankruptcy Judge